| | |
|---|---|
| 1 | Ronald Wilcox, S.B.N. #176601 |
| | Attorney at Law |
| 2 | 1900 The Alameda, Suite 530 |
| 3 | San Jose, CA 95126 |
| | Tel: 408-296-0400 |
| 4 | Fax: 408-296-0486 |
| 5 | |
| | Ben E. Dupré, S.B.N. #231191 |
| 6 | DUPRE LAW FIRM, P.C. |
| | 2005 De La Cruz Blvd., Suite 203 |
| 7 | Santa Clara, CA 95050 |
| | Tel: (408) 727.5377 |
| 8 | Fax: (408) 727.5310 |
| 9 | |
| | Attorney for Plaintiff |
| 10 | PIEDAD C. LLEDO |

E-FILED
MAR 15 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

PIEDAD C. LLEDO,

    Plaintiff,

vs.

CACH, LLC a/k/a CACH of COLORADO, LLC, SQUARE TWO FINANCIAL CORP., f/k/a COLLECT AMERICA, LTD., G. REYNOLD SIMS AND ASSOCIATES, P.C.

    Defendants.

Case No.: CV11-01255 PSG

COMPLAINT

DEMAND FOR JURY TRIAL

COMPLAINT

1

## I. INTRODUCTION

1. Plaintiff is a widow and senior citizen who lives modestly on social security income. Defendants telephoned Plaintiff's home on more than forty occasions, in an attempt to collect a debt, with about thirty (30) of those calls being placed despite receiving Plaintiff's cease and desist letter. Defendants repeated calls had the intent to annoy, and the natural consequence to harass and oppress. Plaintiff was ultimately forced to change her home telephone number to protect herself from further intrusion and Defendants' abusive debt collection practices.

2. As a result of Defendants' abusive and unlawful debt collection tactics, Plaintiff has suffered physical injury, and severe and substantial emotional distress, including: loss of sleep, upset stomach, headaches, nervousness, paranoia, fear, hopelessness, anxiety, depression, diarrhea, among other negative emotions. The anxiety was so great Plaintiff was forced to change her phone number.

3. Defendants' actions are not the result of any mistake, but are intentional, and based on a plan and practice. Defendants have a business plan and practice of unlawful telephone conduct in an attempt to harass, annoy and pressure consumers into repaying a debt. See Garcia v. CACH, LLC, et al., 10-2804 (N.D. Cal. 2010), Macdonald v. CACV of Colorado, Collect America, Ltd., Et al., 08-03403 (N.D. Cal. 2008), Hunt v. CACH, LLC, et al., 09-00378 (E.D. WA 2009), Johnson v. Square Two Financial, et al., 10-00905 (MD. Fl 2010), Assalone v. G. Reynolds Sims & Associates, P.C., 11-10969 (E.D. MI March 11, 2011).

4. This is an action for actual and statutory damages brought by Plaintiff as an individual consumer, against Defendants, for violations of the Fair Debt Collection Practices

Acts, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), and California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, and related common law claims.

5. In enacting the FDCPA, Congress stated (15 U.S.C. § 1692):

   (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy.**

## II. JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C §1692k(d) and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

7. Defendants conduct business in the State of California, and therefore, personal jurisdiction is established.

## III. PARTIES

8. Plaintiff, PIEDAD LLEDO is a natural person residing in Santa Clara County, California at the time this action was filed. Ms. Lledo is a consumer as defined by 15 U.S.C. §1692a(3) and Cal. Civil Code §1788.2.

9. At all times relevant, Ms. Lledo was a senior citizen as that is defined by Civil Code § 3345.

10. Defendants were aware Ms. Lledo was a senior citizen.

11. CACH, LLC, is a Limited Liability company organized under Colorado law with principal offices at 4340 S. Monaco St., 2nd Floor, Denver, CO 80327.

12. SQUARE TWO FINANCIAL CORP. ("SQUARE TWO") is a Delaware corporation with its principal place of business located at 4340 S. Monaco St., 2nd Floor, Denver, CO 80327. It was formerly known as Collect America, Ltd.

13. SQUARE TWO states on its Web site that "Since the company's inception, Square Two Financial, through its wholly owned debt purchasing subsidiaries, has purchased $16 billion in charged-off debt portfolios." (http://www.squaretwofinancial.com/our-businesses/Consumer-Funding/)

14. Both Square Two Financial and CACH are engaged in the collection of consumer debts originally owed to others.

15. Both Square Two and CACH use the mails and the telephone system in the course of their business.

16. Square Two is a purchaser of defaulted debts. Square Two purchases defaulted debts through its subsidiaries, including CACV of Colorado, Ltd., and CACH, LLC. The subsidiaries purchases the debts; Square Two (formerly known as Collect America, Ltd.) attempts collection. See McCollough v. Johnson, et al., McCollough v. Johnson, Rodenburg & Lauinger, LLC, 2011 U.S. App. LEXIS 4072 (2011).

17. Both Square Two and CACH are debt collectors as defined by 15 U.S.C. 1692a(6) and Civil Code 1788.2.

18. On information and belief, defendant CACH has no employees.

19. All individuals who act on behalf of CACH are actually employees of Two Square.

20. Square Two and CACH engaged in, approved of, and/or ratified the conduct of the other Defendants described herein. Each of the Defendants engaged in, approved of, and/or ratified the conduct of the other Defendants described herein.

21. G. REYNOLDS SIMS AND ASSOCIATES were collecting on behalf of CACH, LLC, and/or SQUARE TWO.

22. Defendant, G. REYNOLDS SIMS AND ASSOCIATES, P.C. ("DEFENDANT SIMS") is engaged in the business of collecting debts in California.

23. DEFENDANT SIMS' principal place of business is 2075 W. Big Beaver Road, Suite 200, Troy, Michigan, 48084.

24. The principal purpose of DEFENDANT SIMS is the collection of debts using the mails and telephone, and DEFENDANT SIMS regularly attempts to collect debts alleged to be due another. DEFENDNT SIMS is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Civil Code §1788.2(c).

25. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

26. Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, Defendants were acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge, consent, and ratification of the other Defendants. The wrongful acts herein were engaged in, approved by, or ratified by an officer, director or manager of Defendants.

27. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venture of his/her co-defendant and each of them, and

at all said times, each Defendant was acting in the full course and scope of said officer, directorship, agency, service employment and/or joint venture.

## IV. FACTUAL ALLEGATIONS

## UNLAWFUL & ABUSIVE COLLECTION PRACTICES

28. Plaintiff alleges on information and belief as follows:

29. In 2010, Ms. Lledo had received telephone calls and debt collection letters from DEFENDANT. Defendants were attempting to collect a debt which was purchased after default. The defaulted debt had an alleged balance of $1,499.49.

30. Ms. Lledo regretted that she could not afford to pay any money towards this alleged balance. She is a widowed senior citizen and her only source of income is a very modest amount of social security.

31. From mid-September to mid-October 2010 Defendants telephoned Plaintiff about a dozen times.

32. On or about October 6, 2010, Ms. Lledo sent DEFENDANTS a cease and desist letter via certified mail, return receipt request. A true and correct copy of the letter is attached. **Exhibit 1**. The letter stated:

33. The letter stated, in part:

"I cannot keep making payments to you because my income is very low. I am a senior citizen and receive government social security and live in low income housing. I have barely enough money to pay for my living expenses. My husband passed away and so I am having a very difficult time. I just can't afford to pay anything to you. I regret that this is my situation. I even tried doing a debt consolidation plan, but that was too expensive. I really need to just use what little money I have to pay for my expenses. Please do not contact me anymore. I appreciate your understanding and wish my circumstances were better."

34. Defendants received this letter on or about October 15, 2010. A true and correct copy of the domestic return receipt showing Defendants received this letter is attached. **Exhibit 2**.

35. Despite receiving Ms. Lledo's letter requesting that she not be contacted anymore, Defendants telephoned Plaintiff more than thirty (30) times from mid-October 2010 to early February 2011 in an attempt to collect the debt.

36. At times, during the calls noted above, Defendants failed to provide notices as required by federal and state law.

37. On January 21, 2011, Defendants telephoned Ms. Lledo's home three separate times.

38. When Defendant Sims was unsuccessful, the account was then given to the Scott Lowery Law Offices to attempt to collect the debt, despite Plaintiff's cease and desist letter. The Scott Lowery Law Offices share the same offices and have the same street address as CACH (4340 S. Monaco St., 2nd Floor, Denver, CO).

39. CACH and Square Two continued to attempt to collect the debt through the Scott Lowery Law Office, making approximately 6 (six) more telephone calls to Plaintiff.

40. On or about early February 2011, CACH and Square Two telephoned Plaintiff, through Scott Lowery. Plaintiff informed them that she had already sent a letter requesting they cease and desist.

41. Despite such additional verbal notification, Defendants Square Two and CACH continued to telephone Plaintiff through its agents.

42. Plaintiff was forced to change her telephone number as a result of Defendants unlawful conduct and intrusive behavior.

43. Defendants' unlawful and intrusive practices caused Plaintiff to suffer emotional distress and injury as described above.

## V. FIRST CAUSE OF ACTION – FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff incorporates all other paragraphs as though fully set forth herein.

45. Defendants' acts and omissions, and course of conduct as more fully described above constitute numerous and multiple violations of the FDCPA, 15 U.S.C. section 1692 et seq., including, but not limited to, violations of sections 1692c, 1692c(a)(1), 1692c(c), 1692d, 1692(d)(5), 1692e, 1692e(5), 1692e(10), 1692e(11), and 1692f.

46. As a result of Defendants' violations, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. §1692k *et seq.*

## VI. SECOND CAUSE OF ACTION - ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiff incorporates all other paragraphs as though fully set forth herein.

48. Defendants' acts and omissions violated Civil Code 1788 et seq.

49. Defendants willfully and knowingly violated the provisions of the RFDCPA in the following ways:

   i. Defendants violated Cal. Civ. Code §1788.17 by engaging in abusive and unlawful conduct in an attempt to collect a debt, including: failing to cease and desist, engaging in conduct the natural consequence to abuse and oppress, engaging in false, deceptive or unlawful conduct in an attempt to collect a debt, engaging in unfair and unconscionable practices in an attempt to collect a debt.

  ii. Defendants violated Cal. Civ. Code §1788.11, 1788.11(d) and 1788.11(e) by its unlawful telephone conduct, including by communicating with Plaintiff with such frequency as to be unreasonable and to constitute an harassment under the circumstances.

## VII. THIRD CAUSE OF ACTION – INTRUSION UPON SECLUSION

50. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

51. Defendants' outrageous, abusive, and malicious acts constituted intrusion upon Plaintiff's seclusion.

52. Defendants intruded upon the solitude, seclusion, or private affairs or concerns of Plaintiff.

53. The intrusion was substantial, and of a kind that would be highly offensive to an ordinary reasonable person.

54. The intrusion caused Plaintiff to suffer damages as described above

55. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

56. Defendants acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

57. Defendants acted with oppression, malice, and/or fraud, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## VIII. FOURTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as more fully stated herein.

59. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligence and negligent infliction of emotional distress.
60. Defendants were negligent.
61. Plaintiff suffered serious emotional distress.
62. Defendants' negligence was a substantial factor in causing Plaintiff's emotional distress.
63. Defendants breached a duty imposed by law or contract.
64. Defendants owed Plaintiff a duty to refrain from unlawful debt collections (California Civil Code §1788 et seq.) and unlawful telephone conduct (Penal Code §653m).
65. The breach of such duty proximately caused injury to Plaintiff.
66. Plaintiff is a member of the class of persons the statute was designed to protect.
67. It is clearly foreseeable that Defendants' actions as described herein could cause harm, including severe and serious emotional distress.
68. Defendants' unlawful acts caused Plaintiff to suffer harm described above.
69. The injury resulted from an occurrence the nature of which the statutes were designed to protect Plaintiff from.
70. Defendants failed to adequately hire, train and/or supervise their employees and agents.
71. As a direct and proximate result of Defendants unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.
72. Defendants acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.
73. Defendants acted with oppression, malice, and/or fraud, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

COMPLAINT

## IX.    PRAYER FOR RELIEF

The Plaintiff prays for judgment against Defendants as follows:

(i)    Actual damages;

(ii)    Statutory damages;

(iii)    Punitive damages;

(iv)    Costs of the action;

(v)    Reasonable attorney fees;

(vi)    Punitive and exemplary damages (Civil Code 3345); and

For such other and further relief as the Court may deem just and proper.

Dated: 3/15/11

_____
Ronald Wilcox
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: 3/15/11

_____
Ronald Wilcox
Attorney for Plaintiff

# EXHIBIT 1

10/06/10
Today's Date

Law offices G. Reyrdos Sims & Associates, P.C.
Company's Name

2075 W. Big Beaver Road, Suite 200
Company's Address

Troy, Michigan 48084
City, State, Zipcode

Re: Account No. 12000 1319187
Original Creditor: Bank of America, N.A.

Dear Sir or Madam:

I cannot keep making payments to you because my income is very low. I am a senior citizen and receive government social security and live in low income housing. I have barely enough money to pay for my living expenses. My husband passed away and so I am having a very difficult time. I just can't afford to pay anything to you. I regret that this is my situation. I even tried doing a debt consolidation plan, but that was too expensive. I really need to just use what little money I have to pay for my expenses. Please do not contact me anymore. I appreciate your understanding and wish my circumstances were better. Thank you very much for your time.

Sincerely,

*(signature)*
Sign your name here

Piedad Lledo
Print your name

2151 Plaza de Guadalupe Apt 120
Print your Street Address

San Jose, CA 95116-2554
City, State, Zip code

# EXHIBIT 2

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Law Offices of Reynolds Sims &
Associates, P.C.
2075 W. Big Beaver Road, Suite 200
Troy, Michigan 48084

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Jessica Smith_ ☐ Agent ☐ Addressee

B. Received by (Printed Name) J. Smith
C. Date of Delivery 10/15/10

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7009 1680 0000 9063 4984

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540